# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JING KONG,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and ETHICON, INC.,<br><br>    Defendant. | Civil Action No.: 3:23-cv-03091-MAS-TJB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS** |

  Defendants Johnson & Johnson ("J&J") and Ethicon, Inc. ("Ethicon") (collectively "Defendants"), by and through their attorneys, Nukk-Freeman & Cerra, P.C., hereby respond to the First Amended Complaint ("Complaint") filed by Plaintiff Jing Kong ("Plaintiff"), as follows:

## AS TO "PRELIMINARY STATEMENT"

  1. The allegations contained in Paragraph 1 of the Complaint refer to a written document that speaks for itself to which no response is required. To the extent a response is required, Defendants admit that an article titled, "9 ways Johnson & Johnson has supported women since 1886" is posted on the website link referenced in the Complaint and refers to that article as to its content. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

  2. The allegations contained in Paragraph 2 of the Complaint refer to written documents that speak for themselves to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

  3. The allegations contained in Paragraph 3 of the Complaint refer to a written document that speaks for itself to which no response is required. To the extent a response is

required, Defendants admit that an article was posted on the website link referenced in the Complaint referring to the signing of the "Employee Well-Being & Mental Health Pledge" from the Society for Human Resource Management, and refers to that article as to its content. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny such allegations.

5. The allegations contained in Paragraph 5 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny such allegations.

6. Defendants deny the allegations in Paragraph 6, except state that on or about March 1, 2023 Plaintiff was informed by Ethicon that her Senior Scientist position was being eliminated effective March 31, 2023 as part of a reduction-in-force.

7. Defendants deny the allegations in Paragraph 7 of the Complaint, except state that Plaintiff asked why her position was being eliminated.

8. Defendants are without knowledge or information sufficient to admit or deny whether Plaintiff was responsible for providing healthcare to her family. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny such allegations.

11. The allegations contained in Paragraph 11 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny such allegations.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

14. The allegations contained in Paragraph 14 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants admit that the Court has subject matter jurisdiction over this action but deny the remaining allegations of Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants admit that venue is proper in the District of New Jersey but deny the remaining allegations contained in Paragraph 15 of the Complaint.

## AS TO "ADMINISTRATIVE PROCEDURES"

16. The allegations contained in Paragraph 16 of the Complaint consist of legal conclusions and refer to a written document that speaks for itself, such that no response is required. To the extent a response is required, Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Commission and is asserting claims under Title VII.

17. The allegations contained in Paragraph 17 of the Complaint consist of legal conclusions to which no response is required.

## AS TO "PARTIES"

18. Defendants admit that Plaintiff was a Senior Scientist at Ethicon and on information and belief, Plaintiff is a resident of New Jersey. The remaining allegations contained in Paragraph 18 consist of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations since Plaintiff fails to specify the meanings of "all relevant times" and "all applicable statutes."

19. Defendants admit that J&J's principal place of business is located at 1 Johnson & Johnson Plaza, New Brunswick, New Jersey. The remaining allegations contained in Paragraph 19 consist of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant Ethicon admits it is a privately held wholly owned subsidiary of Johnson & Johnson with its principal place of business located at 1000 US-202, Raritan, New Jersey. The remaining allegations contained in Paragraph 20 consist of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations since Plaintiff fails to specify the meanings of "all relevant times" and "all relevant statutes."

## AS TO "FACTUAL ALLEGATIONS"

I. The allegations contained in Paragraph I of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants deny such allegations.

21. Defendants are without knowledge or information sufficient to admit or deny the Plaintiff's age, but state that upon information and belief Plaintiff was 38 years old as of the date the Complaint was filed. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 22 and leave Plaintiff to her proofs.

23. The allegations contained in Paragraph 23 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 and leave Plaintiff to her proofs.

24. The allegations contained in Paragraph 24 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 and leave Plaintiff to her proofs.

25. The allegations contained in Paragraph 25 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 and leave Plaintiff to her proofs.

26. The allegations contained in Paragraph 26 of the Complaint are not allegations of fact directed to Defendants to which a response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 and leave Plaintiff to her proofs.

27. Defendants admit Plaintiff worked as a contractor for Ethicon in 2016 and was hired in 2018 by Ethicon for a full-time position as a Senior Scientist. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 and leave Plaintiff to her proofs.

30. Defendants admit that Plaintiff worked on MDR projects and/or studies. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 30 and leave Plaintiff to her proofs.

31. Defendants admit that Plaintiff worked on MDR projects and/or studies. Defendant denies the remaining allegations contained in Paragraph 31.

32. In response to Paragraph 32, Defendants admit that Plaintiff reported to Yijun Lu, Associate Director, from on or about 2018 to February 2021, and reported to Ying Jiang, Principal Scientist, from on or about February 2021 to the end of her employment. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. In response to Paragraph 33, Defendants admit that Plaintiff assisted with the Advanced Evaluation newsletter. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34. In response to Paragraph 34, Defendants admit that in 2021, Plaintiff assumed certain responsibilities after a scientist colleague transferred from the team. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief about the work Plaintiff alleges she performed in the Bridges program and therefore denies the allegations contained in Paragraph 35 of the Compliant.

II. Defendants deny the allegations in Paragraph II of the Complaint, but state that Plaintiff was selected to be a part of the Bridges Program.

36. Defendants deny the allegations in Paragraph 36, except state that Ethicon assisted Plaintiff in obtaining a position as a patent liaison and as part of the Bridges Program.

37. In response to Paragraph 37, Defendants admit that the Bridges Program offers selected participants an opportunity to gain knowledge and skills through a rotation. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. In response to Paragraph 39 Defendants admit that Plaintiff had to receive approval from her supervisor to apply to the Bridges Program. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. In response to Paragraph 40, Defendants admit that Ciarrocca informed Plaintiff about the Bridges Program opportunity and she was eventually selected. Defendants deny that Plaintiff easily met all of the requirements or that Ciarrocca recommended her, as stated. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint and therefore denies the remaining allegations contained in Paragraph 40.

41. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies the allegations.

42. Defendants admit that on or about January 20, 2023, Plaintiff was nominated for an Inspire Award by an IP Manager for assisting with landscape searches. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 42 of the Complaint and leave Plaintiff to her proofs.

43. Defendants admit that Plaintiff received an Inspire Award in July 2021 (as nominated by Ciarrocca), an Encore Award in May 2019, an Inspire Award in January 2020, and

a Superhero Award. Defendants deny that such awards were based on excellent performance. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 43 of the Complaint.

    44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**III.**    The allegations contained in Paragraph III of the Complaint are not allegations of fact directed to Defendants to which a response is required and lack specificity. To the extent a response is required, Defendants deny such allegations.

    45.    Defendants admit that Plaintiff told Ciarrocca she was pregnant but deny the remaining allegations contained in Paragraph 45 of the Complaint.

    46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

    47.    Defendants admit that Plaintiff told Lu she was pregnant but deny the remaining allegations contained in Paragraph 47 of the Complaint.

    48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

    49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

    50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

    51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

    52.    Defendants are without knowledge or information sufficient to admit or deny what Plaintiff "heard". Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

    53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

**IV.**    Defendants deny the allegations in Paragraph IV of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint, except state that on March 1, 2023, Plaintiff was advised her position was being eliminated as part of a reduction-in-force.

55. Defendants admit that Plaintiff asked Ciarrocca why her job was being eliminated. Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit that Plaintiff expressed concern about potentially losing health insurance following her separation from employment. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants are without knowledge or information sufficient to admit or deny the allegations relating to what Plaintiff "believed." Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

65. Defendants are without knowledge or information sufficient to admit or deny the allegations relating to employees' pregnancy status. Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. The allegations contained in Paragraph 70 of the Complaint refer to a written document that speaks for itself to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 70 and refer to the content of the 2020 Year-end Performance Review as to the accuracy of its content.

71. The allegations contained in Paragraph 71 of the Complaint that refer to a written document that speaks for itself do not require a response. To the extent a response is required, Defendants deny these allegations contained in Paragraph 70 and refer to the content of the 2020 Year-end Performance Review as to the accuracy of its content. Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit that Plaintiff and other employees assigned to work on-site received Superhero Awards. Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

### As To "FIRST CAUSE OF ACTION"
### (Interference and Retaliation Under the FMLA)
### Against Defendants J&J and Ethicon

81. Defendants repeat and reallege their responses to the foregoing Paragraphs as though set forth in full herein.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

### As to "SECOND CAUSE OF ACTION"
### (Discrimination in Violation of the NJLAD)
### Against Defendants J&J and Ethicon

86. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

### As To "THIRD CAUSE OF ACTION"
### (Retaliation in Violation of the NJLAD)
### Against Defendants J&J and Ethicon

91. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

### As To "FOURTH CAUSE OF ACTION"
### (Discrimination in Violation of the NJFLA)
### Against Defendants J&J and Ethicon

95. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

96. The allegations set forth in Paragraph 96 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

### As to "FIFTH CAUSE OF ACTION"
### (Retaliation in Violation of the NJFLA)
### Against Defendants J&J and Ethicon

100. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

101. The allegations set forth in Paragraph 101 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

### As To "SIXTH CAUSE OF ACTION"
### (Discrimination in Violation of Title VII as Amended by the PDA)
### Against Defendants J&J and Ethicon

105. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

106. The allegations set forth in Paragraph 106 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

### As to "SIXTH CAUSE OF ACTION"
### (Retaliation in Violation of Title VII as Amended by the PDA)
### Against Defendants J&J and Ethicon

111. Defendants repeat and reallege their responses to the foregoing paragraphs as though set forth in full herein.

112. The allegations set forth in Paragraph 112 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

### As To "PRAYER FOR RELIEF"

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment against them or any relief whatsoever as alleged in the Complaint, including but not limited to all relief demanded in Plaintiff's WHEREFORE clause (including subparts A-B) in the "Prayer for Relief" section of the Complaint. Defendants pray that judgment be entered dismissing with prejudice Plaintiff's Complaint against it in its entirety, denying all relief sought by Plaintiff, and awarding Defendants their attorneys' fees, costs of suit, interest and such other and further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state claims upon which relief can be granted.

2. Defendants deny all liability and that Plaintiff has sustained any damages as a result of Defendants' conduct and/or the conduct of any of Defendants' employees or agents.

3. Plaintiff's claims are barred or limited by the existence of policies prohibiting unlawful discrimination and retaliation and providing procedures for reporting discrimination and retaliation.

4. To the extent Plaintiff asserts or attempts to assert a claim or cause of action based in whole or in part on alleged facts, acts, or omissions that are outside the applicable statute(s) of limitations, such claim or cause of action is time-barred.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and judicial and/or equitable estoppel.

6. Defendants did not take any tangible, adverse employment action against Plaintiff that was attributable to any protected class.

7. Defendants did not retaliate against Plaintiff, intentionally or otherwise.

8. Any employment-related actions taken against Plaintiff were not for retaliatory and/or discriminatory reasons, but instead were for legitimate business reasons and/or reasonable factors other than unlawful retaliation and/or discrimination.

9. Plaintiff's claims of discrimination are barred on the grounds that Plaintiff was not treated less favorably than any similarly situated individual outside of her protected category.

10. Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants, and any emotional distress or other harm alleged by Plaintiff was caused by third parties or other factors outside of Defendants' control, and not by Defendants.

11. To the extent that Plaintiff has failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendants must be reduced.

12. Defendants deny any willful, wanton, malicious, intentional, or reckless acts or omissions which might entitle Plaintiff to punitive damages.

13. Defendants are not liable to Plaintiff for any damages, including punitive damages, because Defendants did not authorize or ratify any unlawful conduct.

14. At all times relevant to the matter, Defendants have acted in good faith and in accordance with all applicable laws, regulations and standards.

15. To the extent Defendants' employees were acting outside the course and scope of their employment, Defendants are not liable for their actions. Further, Defendants are not liable for the actions of third parties under any theory, including but not limited to the joint employer, agency, or respondent superior theories.

16. While Defendants maintain that Plaintiff states no cause of action and deny the allegations in the Complaint, Defendants further answer in the alternative that the sole proximate cause of Plaintiff's claims and alleged injuries/damages, if any, was Plaintiff's own conduct or the conduct of third parties for which Defendants are not liable.

17. Plaintiff's damages are barred, in whole or in part, by the after-acquired evidence doctrine.

18. Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

19. Plaintiff's claims are barred because Plaintiff did not engage in any protected activity.

20. Defendant Johnson & Johnson was not Plaintiff's employer.

21. The Complaint contains insufficient information to permit Defendants to raise all available defenses and Defendants therefore reserves their rights to amend and/or supplement their Answer and these defenses and to assert additional defenses.

22. Defendants specifically reserve the right to assert any additional affirmative defenses and any counter claims, cross claims, and/or third party demands they may discover during the course of additional investigation and discovery.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendants demand a written statement of damages claimed by Plaintiff in the Complaint within fourteen (14) days of service of the within Answer.

## L. CIV. R. 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court, arbitration, or administrative proceeding. There are no other parties currently known who should be joined in the action.

BY: _____
ROBIN H. ROME, ESQ.
IMAN A. WELLS, ESQ.
WHITNEY LAZO, ESQ.
NUKK-FREEMAN & CERRA, P.C.
26 Main Street, Suite 202
Chatham, New Jersey 07928
Telephone: (973) 665-9100
Facsimile: (973) 665-9101
Email: rrome@nfclegal.com
Email: iwells@nfclegal.com
Email: wlazo@nfclegal.com

Dated: April 30, 2024